UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Bay Town Realty, LLC.

Debtor.

Chapter 7
Case No. 13-14837-FJB

### CHAPTER 11 TRUSTEE'S MOTION
### FOR ORDER AUTHORIZING AND APPROVING PRIVATE SALE
### OF REAL PROPERTY
### (250 PRESIDENT AVENUE, FALL RIVER, MASSACHUSETTS)

Joseph G. Butler, the duly appointed chapter 7 trustee of the estate of the above-captioned debtor, hereby moves pursuant to 11 U.S.C. §363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR Rule 2002-5 and 6004-1, for authority to sell by private sale the Trustee's, the estate's, and the debtor's right, title and interest in certain real property known and numbered as 250 President Avenue, Fall River, Massachusetts ("President Ave"). As grounds for his motion, the Trustee states as follows:

1. On August 14, 2013, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§1101, et. seq.) (the "Bankruptcy Code").

2. The Court, on November 7, 2013, ordered that a chapter 11 trustee be appointed.

3. On November 7, 2013, Joseph G. Butler was appointed as the chapter 11 Trustee.

4. On September 24, 2014, the Court entered an order granting a motion by the Chapter 11 Trustee and converting the case to a case under chapter 7.

5. On September 26, 2014, Joseph G. Butler was appointed as the chapter 7 Trustee.

6. The assets of the estate consist of, in part, property of the estate known and numbered as 250 President Avenue, Fall River, Massachusetts.

7. The claims bar date is February 4, 2015.

8. The assets of the estate include property known and numbered as 250 President Avenue, Fall River, Massachusetts ("President Ave") and property known and numbered as 458 Madison Street, Fall River, Massachusetts ("Madison Street").

9. President Ave is, upon information and belief, subject to the following encumbrances of record:

   a. A Mortgage, from Bay Town Realty, LLC to First Boston Associates, LLC, dated August 5, 2010, and securing a note in the original principal amount of $315,000.00, is recorded with the Bristol (Fall River) District Registry of Deeds at Book 7483, Page 221.

   b. A Mortgage, from Bay Town Realty, LLC to Ronald S. Rusin, Jr. dated April 12, 2013, and securing a note in the original principal amount of $19,753.00, is recorded with the Bristol (Fall River) District Registry of Deeds at Book 8199, Page 155.

10. The Debtor's amended schedule D indicates that, in addition to the mortgages held by First Boston Associates, LLC and Ronald S. Rusin, Jr., President Ave was the subject of certain municipal lien claims of the City of Fall River in the amount of $7876.97.

11. The Debtor's amended schedule D indicates that the amounts owed to First Boston Associates, LLC and Ronald S. Rusin, Jr. on their respective secured claims, as of the Petition Date, were $315,000.00 and $19,753.00. First Boston Associates, LLC filed a claim, on February 26, 2014 (Claim no. 1-2 on the Court's claims register), indicating that it was owed the sum of $336,923.30 on its secured claim as of the Petition Date. Ronald S. Rusin, Jr. has not filed a proof of claim.

12. First Boston Associates, LLC and Ronald S. Rusin, Jr., in addition to the mortgages

on President Ave, each have mortgages on Madison Street, to secure the same obligations as those secured by the mortgages on President Ave.

13. The schedules filed by the Debtor indicate that the value of President Ave, as of the Petition Date, was $500,000. The schedules filed by the Debtor indicate that the value of Madison St., as of the Petition Date, was $309,900.

14. Upon information and belief, Ronald S. Rusin, Jr. is a real estate broker and, prior to the Petition Date, the Debtor had engaged Rusin as a broker for the purpose of seeking buyers for President Ave,

15. On August 20, 2013, the Debtor filed an application to employ a broker, Louis Andrade, for the purpose of seeking buyers for President Ave. The application was granted on September 10, 2013.

16. On January 28, 2014, the Trustee filed a motion seeking authorization to sell President Ave at public auction.

17. On March 3, 2014, the Court granted the motion seeking authorization to sell President Ave at public auction. The auction took place on March 28, 2014. There were four qualified bidders at the auction. The highest bidder bid the amount of $250,000.00 (subject to any statutory lien claim of the City of Fall River, Massachusetts for real estate taxes or other municipal liens). The bidder failed to comply with the terms of the sale by timely paying the balance of his bid and forfeited his deposit.

18. The Trustee has received and accepted, subject to the approval of the United States Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court"), an offer to purchase President Ave from Adelino Jacob or his Nominee (the "Proposed Buyer") for the sum of $250,000.00 (the "Purchase Price"). The Proposed Buyer has no relationship to the Trustee.

The Proposed Buyer was the highest bidder at the auction sale conducted on March 28, 2014 and is a relative of Jennifer L. Jacob, the President, Treasurer and a director of Ledoux & Co., Inc. Ledoux & Co. Inc. is a tenant at President Ave. A copy of a purchase and sale agreement entered into by the Trustee and the Proposed Buyer is annexed hereto as Exhibit A.

19. The Trustee has received a deposit in amount of $10,000.00 from the Proposed Buyer which is being held in escrow pending a hearing and approval of the sale of President Ave to the Proposed Buyer.

20. Pursuant to the terms of the Purchase and Sale Agreement, the sale of President Ave will close no later than November 28, 2014.

21. The Trustee believes that the proposed sales price of $250,000.00 is a fair price for President Ave.

22. The Trustee proposes to sell the estate's interest in President Ave free and clear of all liens, claims, interests, and other encumbrances whatsoever, both known and unknown, including but not limited to, those asserted liens, claims, interests, and encumbrances to which reference is made in this motion. Pursuant to Bankruptcy Code §363(f), the Trustee seeks entry of an order providing that the sale of President Ave to the Proposed Buyer is free and clear of all liens, claims, interests, and encumbrances whatsoever, both known and unknown, including but not limited to any liens, claims, encumbrances, and interests of the Debtor's creditors, vendors, suppliers, or employees and that neither the Buyer nor any entity (as that term is defined in Section 101 of the Bankruptcy Code) that purchases President Ave, shall have any liability whatsoever as successor or otherwise to any entity that holds or may hold one or more claims or interests (as defined in the Bankruptcy Code) against the Debtor, its bankruptcy estate and/or President Ave. All liens, claims, interests, and encumbrances, to the extent that they are

valid, shall attach to the net proceeds of the sale to the same extent and the same order of priority as such liens, claims, interests, and encumbrances attached to President Ave according to priorities established under applicable law. The sale is to be AS IS and WHERE IS without any warranty by the Trustee except as may be specifically contained in the Purchase and Sale Agreement.

23. The Trustee intends to send notice of the proposed sale to all creditors, including all parties who may assert a lien, claim, encumbrance, or interest in President Ave, and other parties who have filed notices of appearance in this case. The Trustee will contact persons who have previously expressed interest in acquiring President Ave and will continue to solicit higher offers for President Ave, in accordance with the proposed notice submitted herewith up until the last date for submission of higher offers.

24. The Trustee proposes to pay, at or shortly after the closing and from the proceeds of the sale of President Ave, the normal and usual costs incurred at closing by the seller (i.e. deed stamps and recording costs), the Seller's share of any outstanding real estate taxes or other municipal claims which constitute liens on President Ave and thereafter to pay the balance of any sales proceeds to First Boston Associates, LLC to be applied to reduce the balance of its secured claim.

25. The Trustee reserves the right to seek authorization to pay expenses of preserving and liquidating President Ave pursuant to 11 U.S.C. §506(c) directly from the proceeds of the sale prior to payment of any secured claim.

26. The Trustee therefore requests that the Court enter an order authorizing him (1) to sell the estate's and the Debtor's right title and interest in and to President Ave to the Proposed Buyers for the sum of $250,000.00, free and clear of all liens, claims, interests, and

encumbrances and under the terms and conditions set forth above, or to such other buyer at a higher price which may be the result of the solicitation of higher offers, (2) to pay the normal and usual costs incurred at closing by the seller (i.e. deed stamps and recording costs), and the Seller's share of any outstanding real estate taxes or other municipal claims which constitute liens on President Ave, (3) to pay the balance of any sales proceeds to First Boston Associates, LLC to be applied to reduce the balance of its claim secured by a first priority mortgage on President Ave.

        Joseph G. Butler, chapter 7 trustee of the
        Estate of Bay Town Realty, LLC,

        By his attorneys,
        /s/Joseph G. Butler
        Joseph G. Butler, Esq. (BBO# 544284)
        Law Office of Joseph G. Butler
        355 Providence Highway
        Westwood, MA 02090
        (781) 636 3638
        JGB@jgbutlerlaw.com

Dated: October 30, 2014